[No. 19359.   Department One.—April 26, 1894.]

## EDWARD L. BRENOT, RESPONDENT, *v.* JENNIE E. BRENOT, APPELLANT.

DIVORCE—CROSS-COMPLAINT—DISMISSAL.—Where the defendant, in an action for a divorce, denies the allegations of the complaint, and files a cross-complaint charging a ground of divorce against the plaintiff, if the court, upon hearing the evidence, finds the charges of both parties to be true, it may deny all relief to either party, and dismiss the action.

ID.—CUSTODY OF MINOR CHILD—INCIDENTAL RELIEF.—In an action of divorce the question as to the proper custody of the minor child is entirely incidental to the main relief sought, and dependent alone upon the divorce proceedings; and when a decree of divorce is denied to both parties the court is not required to make any order as to the care and custody of the minor child.

ID.—COSTS—DISCRETION.—The question of costs in an action of divorce is a matter resting in the discretion of the trial judge.

ID.—CHARGE OF ADULTERY—NEW TRIAL STATEMENT—SPECIFICATION OF INSUFFICIENCY OF EVIDENCE.—In an action of divorce based upon a charge of adultery with a person named, at several specified dates, a specification in the statement on motion for a new trial, assailing a finding of fact on that issue in favor of the plaintiff, as not supported by the evidence, that "the evidence introduced in this action fails to show that the defendant, at the times stated, was guilty of adultery" with the person named in the complaint is sufficient to require the court to consider the sufficiency of the evidence to support the finding.

ID.—OBJECT OF SPECIFICATIONS.—The object of the statute requiring specifications of insufficiency of evidence is to bring directly before the mind of the court the particular point the aggrieved party desires to be reviewed, and also to give notice to the adverse party of the point of attack, and thereby enable him to produce any additional evidence tending to support the finding of fact assailed by the specification; and where the specification is sufficiently full to meet the purposes of the law, the court should pass upon the sufficiency of the evidence.

ID.—SUSPICIOUS EVIDENCE OF ADULTERY.—Where the evidence upon the part of the plaintiff consists in the main of the testimony of one who appears, according to his own statement, to be living upon the bounty of the plaintiff, and who states under oath that he is the party with whom the defendant committed the acts of adultery, it is of such startling character and comes from such a source as to demand the most careful review whenever and wherever presented before a court of justice.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion of the court.

*Charles S. McKelvey,* and *H. W. Chynoweth,* for Appellant.

The complaint does not sufficiently charge the commission of the acts of adultery. (*Stringer* v. *Davis,* 30 Cal. 319; *Gates* v. *Lane,* 44 Cal. 392; Bliss on Code Pleading, sec. 318; Civ. Code, secs. 92, 93.) The custody of the minor child was a material issue, and should have been passed upon. (*Logan* v. *Hale,* 42 Cal. 645; *Speegle* v. *Leese,* 51 Cal. 415.) The court erred in not providing for the maintenance of the wife and children by the husband. (Civ. Code, sec. 136.) The specifications as to insufficiency of the evidence are sufficient, as they enable the court to understand the question presented. (*McCullough* v. *Clark,* 41 Cal. 298, 304; *Newell* v. *Desmond,* 63 Cal. 242, 245; *Dawson* v. *Schloss,* 93 Cal. 194, 200.) The corroborating evidence introduced is insufficient, as the evidence of the alleged paramour is entitled to but little weight. (2 Greenleaf on Evidence, sec. 46; Bishop on Marriage and Divorce, secs. 1368, 1419; *Alexander* v. *Alexander,* 2 Swab. & T. 95, 101, 102.)

*Victor Montgomery,* and *R. Y. Williams,* for Respondent.

The demurrer to plaintiff's complaint was general, and was properly overruled, as the acts of adultery alleged are fairly within the definition contained in section 93 of the Civil Code. (*Conant* v. *Conant,* 10 Cal. 249; 70 Am. Dec. 717.) The action and cross-action was for divorce, and the question, as to the custody of the child

and division of the property were mere incidents, and when the divorce was denied it was unnecessary to consider the other question. (*Daly* v. *Sorocco*, 80 Cal. 367.) The awarding of costs in cases of equity and divorce are in the discretion of the trial court. (*Abram* v. *Stuart*, 96 Cal. 235.) If this court is inclined to consider said bill of exceptions on this appeal, then we contend that the specifications were wholly and entirely insufficient, and that the court did not err in sustaining respondent's objection. (*Eddelbuttel* v. *Durrell*, 55 Cal. 277; *Parker* v. *Reay*, 76 Cal. 103, 105; *Knott* v. *Peden*, 84 Cal. 299, 300, *Spotts* v. *Hanley*, 85 Cal. 155, 165; *Cummings* v. *Ross*, 90 Cal. 68, 70; *Williams* v. *Dennison*, 94 Cal. 543; *Petersen* v. *Taylor*, 6 Cal. Dec. 204; 34 Pac. Rep. 724.)

GAROUTTE, J.—This is an action for divorce charging defendant with adultery. She denied the allegations of the complaint, and filed a cross-complaint, charging extreme cruelty. Upon hearing the evidence the court filed its findings of fact, wherein it found the charges of both parties to be true, and denied all relief, dismissing the action. Defendant appeals from the judgment and order denying a motion for a new trial.

The allegations of the complaint charging the acts of adultery are sufficiently made as against a general demurrer. There is also no question but that a court of equity is authorized to enter a judgment dismissing an action of divorce, where both parties are seeking a decree, and the evidence discloses them to be equally guilty of the misconduct alleged. It is claimed that the custody of the minor child was a material issue in the case, and should have been passed upon by the judgment of the court. The action was an action of divorce, and the question as to the proper custody of the child was an element of the case entirely incidental to the main relief sought, and dependent alone upon the divorce proceedings; and when a decree of divorce was denied either of the parties, the court was not required to make any order as to the care and custody of the

minor child. The question of costs in an equitable action is a matter resting in the discretion of the trial court. (*Abram* v. *Stuart*, 96 Cal. 235.)

Defendant made a motion for a new trial upon the ground, among others, that the evidence failed to support the finding as to the acts of adultery. Upon the hearing of the motion, counsel for plaintiff objected that the statement did not sufficiently specify the particulars wherein the evidence was insufficient. The court thereupon sustained the objection, disregarded the specification, and denied the motion for a new trial. We think the court committed an error in refusing to consider defendant's specification as to the insufficiency of the evidence. Plaintiff's action was based upon a charge of adultery. As to that allegation of the complaint, the court made the following finding of fact: "That on or about August 1, 1892, and on or about September 1, 1892, the defendant did commit adultery by having carnal, sexual, and adulterous intercourse on each of the said dates with one Jeff Harlan." Defendant assailed this finding of fact as not supported in the evidence, by the following specification: "The evidence introduced in this action fails to show that the defendant at the times stated was guilty of adultery with one Jeff Harlan." The object of the statute requiring specifications of insufficient evidence is for the purpose of bringing directly before the mind of the court the particular point the aggrieved party desires to be reviewed, and also to give notice to the adverse party of the point of attack, and thereby enable him to produce any additional evidence found in the record which may tend to support the finding of fact assailed by the specification. In the present case we think the specification sufficiently full to meet the purposes of the law, and in the face of the specification, after the opposing party had enjoyed the opportunity of placing in the record whatever evidence he desired bearing upon this point, the court should have passed upon the sufficiency of the evidence tending to show the said acts of adultery. The evidence

upon this question upon the part of the plaintiff consists in the main of the testimony of one Jeff Harlan, who appears, according to his own statement, to be living upon the bounty of the plaintiff, and who is not only the principal witness for the plaintiff against the woman, but states under oath that he is the party with whom she committed the acts of adultery. While the court considered the evidence upon making its findings of fact, still we think it should again be carefully reviewed by the court upon the hearing of the motion for a new trial. It is of a startling character; and coming from the source it does, demands a most careful review whenever and wherever it is presented before a court of justice.

For the foregoing reasons the judgment is affirmed, and the order denying a new trial is reversed, with directions to the trial court to pass upon the sufficiency of the evidence suggested by the specification considered in this opinion, and to thereupon pass upon the motion for a new trial.

HARRISON, J., and PATERSON, J., concurred.