[No. 19294.  In Bank.—June 27, 1894.]

## W. A. SMITH, APPELLANT, v. M. E. ELLIS ET AL., RESPONDENTS.

NEW TRIAL—STATEMENT—INARTIFICIAL FORM—SPECIFICATIONS—INSUFFICIENCY OF EVIDENCE.—A specification of the insufficiency of the evidence is not required to be made in any particular form of words, but is sufficient if it distinguishes each particular proposition of fact excepted to from all others found by the court, or involved in a general verdict of a jury, and the fact that a specification is inartificially expressed in some respects, will not justify the trial court in disregarding it, if it is in no substantial respect insufficient to point the particulars in which it is claimed the evidence failed to support the findings.

ID.—ERROR IN DISREGARDING SPECIFICATIONS—DENIAL OF SUBSTANTIAL RIGHT—REVERSAL OF ORDER—HEARING OF MOTION.—Where the specifications are substantially sufficient, the party moving for a new trial is entitled to a ruling by the lower court upon the sufficiency of the evidence to sustain its findings in the light of the specifications, and the action of the court in disregarding the specifications, because expressed inartificially, is the denial of a substantial right, and in such case the order denying a motion for a new trial will be reversed, with directions to the trial court to hear the parties upon the alleged insufficiency of the evidence suggested by the specifications, and thereupon to pass upon the motion for a new trial.

APPEAL from a judgment of the Superior Court of Orange County denying a motion for a new trial, and striking out and disregarding plaintiff's specifications.

The facts are stated in the opinion of the court.

*J. T. Houx*, for Appellant.

The motion to amend the statement of the case should have been granted in furtherance of justice. (Code Civ. Proc., sec. 473.)  No injury could have resulted to the

defendants thereby. (*Low v. McCallan*, 64 Cal. 2; *Alameda Macadamizing Co. v. Williams*, 70 Cal. 538; Hayne on New Trial and Appeal, sec. 160; *Smith v. City of Stockton*, 73 Cal. 204.) The order granting the respondent's motion to disregard the specifications was erroneous. The specifications are always sufficient if they direct the attention of the court and counsel to the particulars relied on by the appellant, to the end that the evidence bearing on the specifications of error might be inserted in the statement and considered by the court. (*Tromans v. Mahlman*, 92 Cal. 5; *McCullough v. Clark*, 41 Cal. 298; *Harnett v. Central Pac. R. R. Co.*, 78 Cal. 31; *Newell v. Desmond*, 63 Cal. 242; *Townsend v. Briggs*, 88 Cal. 230; *Dawson v. Schloss*, 93 Cal. 201; *Wise v. Burton*, 73 Cal. 166.)

*J. W. Ballard*, for Respondents.

The court did not err in granting respondents' motion to disregard the specifications, as they do not specify the particulars in which the evidence was insufficient, as required by section 658, subdivision 3, of the Code of Civil Procedure. (*Williams v. Dennison*, 94 Cal. 543; *Knott v. Peden*, 84 Cal. 300; *Cummings v. Ross*, 90 Cal. 70; *Spotts v. Hanley*, 85 Cal. 165.)

VAN FLEET, J.—Findings and judgment in this case were in favor of defendants, and plaintiff moved for a new trial on a statement of the case, specifying, among other things, insufficiency of the evidence to justify the findings. At the hearing of the motion for new trial the defendants moved the court to disregard the statement of the case and the specifications of insufficiency of the evidence therein, upon the ground that the specifications were insufficient to authorize the court to review the evidence; which motion the court granted to the extent of disregarding, and, in effect, striking out six of the several specifications relied upon by plaintiff. The plaintiff then moved the court for leave to amend his statement, by correcting and restating said speci-

fications, which motion the court denied. Thereupon, the court upon the statement thus emasculated heard the motion for new trial, and denied the same. The plaintiff appeals from said several orders and from the judgment.

1. A careful examination of the specifications objected to satisfies us that the action of the court in disregarding them was erroneous; that, while perhaps inartificially expressed in some respects, they were in no substantial respect insufficient to point the particulars in which it was claimed the evidence failed to support the findings. "The specification is not required to be made in any particular form of words, but, in some form, should distinguish each particular proposition of fact excepted to from all others found by the court or involved in a general verdict of a jury." (*Dawson* v. *Schloss*, 93 Cal. 200.) These requirements are sufficiently met by the specifications here in question. Neither the court nor the defendants are left in doubt as to the particulars in which the plaintiff deems the evidence insufficient to sustain the findings excepted to. They are not open to the objection raised in the cases cited by respondents, either as being too general, or in being a mere recital of what the evidence does show. Without stating them in detail, we regard them as fully up to the specifications held sufficient in *Harnett* v. *Central Pac. R. R. Co.*, 78 Cal. 32. This being so, the plaintiff was entitled, on his motion for a new trial, to a ruling by the lower court upon the sufficiency of the evidence to sustain its findings in the light of these specifications, and the action of the court in the premises was the denial to plaintiff of a substantial right. (*Brenot* v. *Brenot*, 102 Cal. 294.)

2. We think the findings sufficient to sustain the judgment; and the order of the court denying plaintiff's motion to amend his statement, in view of the conclusion above reached, was without prejudice.

The judgment and the order denying plaintiff's right to amend statement are affirmed. The order striking out and disregarding plaintiff's specifications, and the

order denying motion for new trial, are reversed, with directions to the trial court to hear the parties upon the alleged insufficiency of the evidence suggested by the said specifications, and thereupon to pass upon the motion for a new trial.

McFarland, J., DeHaven, J., Fitzgerald, J., Garoutte, J., and Beatty, C. J., concurred.