[Civ. No. 347. First Appellate District.—June 13, 1907.]

ROSS H. VAN HORN, Respondent, v. MARION V. VAN HORN, Appellant.

DIVORCE—ADULTERY—EVIDENCE—GOOD CHARACTER OF DEFENDANT.—In action for divorce on the ground of adultery of the defendant, the character of the defendant is not in issue, and the court properly refused to admit evidence of her good character, where her good character as a witness had not been impeached.

ID.—GOOD CHARACTER OF CORESPONDENT.—The corespondent named with whom the adultery was charged is not a party to the action, and where he had not been impeached as a witness, evidence of the excellence of his character was properly rejected.

ID.—CUSTODY OF MINORS—DISCRETION.—Where the only minor was a boy fifteen years of age, and the defendant was adjudged guilty of adultery, the court had discretion to award the custody of the boy to his father. Such custody is always a matter within the discretion of the trial court; the contention that the excluded evidence of good character should have been received on that question has but little merit.

ID.—RULING OF TRIAL COURT REJECTING EVIDENCE—OBJECTION IMMATERIAL.—The ruling of the trial court in rejecting evidence will be upheld on appeal, if correct, whether the ground on which it was based was stated in the objection as to the evidence or not.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial, F. B. Ogden, Judge.

The facts are stated in the opinion of the court,

Alfred B. Weiler, for Appellant.

Johnson & Shaw, for Respondent.

KERRIGAN, J.—Appeal by defendant from a judgment, awarding plaintiff an interlocutory decree of divorce, and from an order denying defendant's motion for a new trial.

The complaint alleges that the appellant committed adultery with one Adolph Knopf, and prays for a judgment of divorce, and that the whole of the community property and the custody of the two minor children be awarded to the respondent. During the pendency of the action one of the children reached majority. The action was tried, and an interlocutory decree was entered awarding respondent a divorce and the custody of the remaining minor child. The question of the property rights was reserved.

Among the assigned errors was the action of the trial court in refusing to permit appellant to introduce evidence of the good character of herself and the corespondent. The general rule is that in civil actions, evidence of character of neither party thereto is admissible. (5 Am. & Eng. Ency. of Law, pp. 861, 862; 1 Wigmore on Evidence, sec. 64.) There are exceptions to this rule. In actions for slander and libel, character is necessarily put in issue, as injury to character is the gist of such actions. (5 Am. & Eng. Ency. of

Law, p. 865.) There are a few other exceptions, and by some authorities different conclusions are reached as to whether the charge of adultery in an action for divorce is one of the exceptions. In this state, however, the question is controlled by section 2053, Code of Civil Procedure, which reads: "Evidence of the good character of a party is not admissible in a civil action, nor of a witness in any action, until the character of such party or witness has been impeached, or unless the issue involves his character." By the allegation of adultery appellant's character was not put in issue, and evidence concerning it, under this section, was properly excluded. The corespondent was not a party to the action, nor had he, as a witness, been impeached (Code Civ. Proc., sec. 2051), so evidence of the excellence of his character was properly rejected. (Code Civ. Proc., sec. 2053; *People* v. *Bush,* 65 Cal. 134, [3 Pac. 590], concurring opinion.)

In this connection it is further contended by appellant that the custody of the minor children was involved, and for this reason testimony of the character of the appellant was admissible. The disposition of minors, in a proceeding of this kind, is always one within the control, and subject to the sound legal discretion, of the trial court. The court may modify its decree as to their custody at any time. (Civ. Code, sec. 138; *Crater* v. *Crater,* 135 Cal. 635, [67 Pac. 1049].) "Its jurisdiction does not depend upon specific allegations as to the fitness of the respective parties, or their ability or willingness to care for their offspring, nor upon a specific prayer for the custody." (*Ex parte Gordon,* 95 Cal. 377, [30 Pac. 561].) In matters of this kind much must be left to the sound discretion of the court in accepting or rejecting evidence. We can readily conceive of instances in which the excluded evidence might very properly be admitted. In this case, however, the minor being a boy now about fifteen years of age, and the appellant having been adjudged guilty of adultery, we think the contention has but little merit.

Appellant complains that the objections to the excluded evidence just considered, and to at least one other question, were too general, and not directed to defects now urged. The ruling of the trial court in rejecting evidence will be upheld on appeal, if correct, whether the ground upon which it is

based was stated in the objection or not.    (*Davey* v. *Southern Pac. Co.,* 116 Cal. 325, [48 Pac. 117].)

This disposes of all the grounds urged for reversal which merit consideration. No error appearing in the record, the judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 11, 1907, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 13, 1907.