[Crim. No. 352.  Second Appellate District.—December 1, 1914.]

## THE PEOPLE, Respondent, v. FRED T. KING and ELEANOR FERNANDO, Appellants.

CRIMINAL LAW—LIVING IN STATE OF COHABITATION AND ADULTERY—SECTION 269b PENAL CODE.—The words "living in a state of cohabitation and adultery," as defined by section 269b of the Penal Code, mean the living or dwelling together as husband and wife and exercising the sexual rights and duties implied by such relation when legally created—in other words, a counterfeit of the marriage relation.

ID.—EVIDENCE—ILLICIT INTERCOURSE—NOT WITHIN STATUTE.—Mere acts of illicit intercourse do not constitute a living together "in a state of cohabitation and adultery" within the meaning of statutes like section 269b of the Penal Code.

ID.—VERDICT OF CONVICTION—INSUFFICIENCY OF EVIDENCE TO SUPPORT.— In this prosecution for the crime of living together in a state of cohabitation and adultery, it is held that the evidence was legally insufficient to support the verdict.

APPEAL from a judgment of the Superior Court of San Diego County and from an order refusing a new trial.  T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Shreve, Reed, Sample & Shreve, for Appellants.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The defendants were convicted upon an information charging them with the crime of cohabitation and adultery, as defined by section 269b of the Penal Code. Each defendant appeals from the judgment and from the order of the court denying the motion of defendants and each of them for a new trial.

The case comes clearly within the ruling of this court as declared in *People* v. *Breeding*, 19 Cal. App. 359, [126 Pac. 179] : "As used in the statute, the words 'living in a state of cohabitation and adultery,' mean the living or dwelling together as husband and wife and exercising the sexual rights and duties implied by such relation when legally created—in other words, a counterfeit of the marriage relation." The evidence shows that defendant King was living apart from his wife and defendant Fernando was living apart from her husband. The defendants, during several weeks or months were together a great deal, but they were not dwelling together in the same habitation, nor living in the manner of husband and wife together. It was shown that for a short period of time the defendants separately had rooms in the same lodging-house. There was no door connecting these rooms and each defendant rented his or her room separately and paid the rent separately and individually. Mrs. Fernando occupied her room in her own name. The evidence shows that King spent some of his evenings in Mrs. Fernando's room and that usually the door was left open. On one evening, according to the testimony of a certain witness, this witness saw the defendants lying on her bed and the circumstances were such as tended to show illicit intercourse. But when officers came to the house a little later the same night, expecting to find the defendants in the same room together, they were found in their separate rooms and beds.

The decisions uniformly and thoroughly establish that mere acts of illicit intercourse do not constitute a living together "in a state of cohabitation and adultery," within the meaning of statutes like that under which these defendants

have been prosecuted. The evidence is legally insufficient to support the verdict.

The judgment and the order denying a new trial are as to both defendants reversed.

James, J., and Shaw, J., concurred.