[Crim. No. 340.   Third Appellate District.—February 2, 1916.]

THE PEOPLE, Respondent, v. B. F. WOODSON, Appellant.

CRIMINAL LAW—ADULTERY—ESSENTIALS.—In order to warrant a conviction of the offense denounced in section 269b of the Penal Code, cohabitation alone is not sufficient, but there must be an assumption of the conjugal relations, such as sleeping together, occupying the same room or bed at night, having sexual intercourse with each other as though married, and many other relations that are summed up appropriately by the words "cohabiting with."

ID.—PARENTAGE OF CHILD—RELEVANCY OF EVIDENCE.—In a prosecution for such an offense evidence is admissible that the defendant was the father of a child born to his companion in crime while they were living together as husband and wife, where it is shown that the woman was not cohabiting with her husband.

ID.—PARENT AND CHILD—REBUTTAL OF PRESUMPTION OF LEGITIMACY.—The presumption that a child born of a married woman is legitimate may be rebutted by evidence showing that the husband was incompetent, entirely absent, so as to have no intercourse or communication of any kind with the mother, entirely absent at the period during which the child must, in the course of nature, have been begotten, or only present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse.

ID.—CONDUCT OF DEFENDANT—INTRODUCTION OF COMPANION AS WIFE.—In such a prosecution there is no error in admitting evidence showing defendant's attitude and conduct when he heard his companion introduced as his purported wife.

Id.—CAUSE OF WIFE LEAVING HOME—EXCLUSION OF PROOF.—In such a prosecution there is no error in excluding evidence that the companion of the defendant left her home by reason of the brutal treatment of her husband.

Id.—CHARACTER WITNESS—EXPLANATION OF ANSWER—LACK OF PREJUDICE.—In such a prosecution there is no error in permitting a witness as to the general reputation of the defendant to supplement his answer with the explanation that he had known the defendant for three or four years, and had seen him often, and in the last two or three years had not seen him.

Id.—CONDUCT OF PARTIES—STRIKING OUT OF ANSWER—LACK OF PREJUDICE.—There is no error in striking out the answer of the mother of the woman to the question as to whether she observed any improper conduct on the part of either the defendant or her daughter while visiting them, where such answer was in part not responsive, and the responsive part subsequently given in answer to another question.

Id.—TIME OF OFFENSE—INSTRUCTION—LACK OF ERROR.—An instruction to the jury to find the defendant guilty if he lived in cohabitation and adultery "any time from about the month of November, 1912, up to the twenty-seventh day of April, 1915," is not erroneous, notwithstanding the charge in the information that the offense was committed "on or about the twenty-third day of April, 1915."

Id.—DATE OF OFFENSE—AVERMENT IN INDICTMENT.—It is unnecessary to charge in the indictment the precise date upon which an offense was committed, or to prove the offense to have been committed on the day charged, except where time is of the essence of the offense.

Id.—CONVICTION OF DEFENDANT—EVIDENCE TO BE CONSIDERED—INSTRUCTION—ABSENCE OF ERROR.—An instruction that "if the jury believed to a moral certainty and beyond a reasonable doubt that the said defendant did"—reciting the averments of the information—"then I charge you it will be your duty to bring in a verdict of guilty as charged," is not erroneous, for the reason that it did not confine the jury to the evidence, where the court also instructed the jury that they had no right to go outside of the evidence, but that they must fairly consider all the evidence in the case.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

W. H. Briggs, and A. H. Carpenter, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Appellant was convicted of the offense denounced in section 269b of the Penal Code as follows: "If two persons, each being married to another, live together in a state of cohabitation and adultery, each is guilty of a felony, and punishable by imprisonment in the state prison not exceeding five years."

After a careful reading of the entire testimony we are led to say that the evidence is abundantly sufficient to support the verdict. We may accept the rule insisted upon by appellant that, in order to warrant a conviction, "there must be an assumption of the conjugal relations, such as sleeping together, occupying the same room or bed at night, having sexual intercourse with each other as though married, and many other relations that are summed up appropriately by the words 'cohabiting with,' and cohabitation alone is not enough under the code; there must be sexual intercourse between them. Adultery and occasional acts are not enough," then the showing made by the people measures up fully to the requirement. Indeed, the evidence of guilt seems exceptionally strong when we consider the usual difficulty of establishing such a charge. The inculpatory facts and circumstances are marshaled and set out in his brief by the attorney-general, but we do not feel called upon to repeat them here.

Evidence was received that appellant was the father of a child born to his companion in crime while they were living together as husband and wife. The admission of appellant to that effect, evidence that the wife's husband had no opportunity for sexual relations with her within the requisite period, and other circumstances were introduced which could leave little doubt as to the correctness of respondent's claim as to the parentage of the child.

Appellant contends that such evidence was not admissible, and he cites, among other authorities, *Estate of Mills,* 137 Cal. 298, [92 Am. St. Rep. 175, 70 Pac. 91]. But the rule stated therein has application to "the issue of a wife *cohabiting* with her husband." Here the evidence for the people showed that the woman was not *cohabiting* with her husband, but was, during all the time in question, cohabiting with defendant. In the Mills case, *supra,* it was said: "The modern rule was stated by Lord Langsdale in *Hargrave* v. *Hargrave,* 9 Beav. 552, [50 Eng. Reprint, 457], as follows: 'A child

born of a married woman is in the first instance presumed to be legitimate. The presumption thus established by law is not to be rebutted by circumstances which only create doubt and suspicion, but it may be wholly removed by proper and sufficient evidence showing that the husband was (1) incompetent; (2) entirely absent, so as to have no intercourse or communication of any kind with the mother; (3) entirely absent at the period during which the child must, in the course of nature, have been begotten; or (4) only present under such circumstances as afford clear and satisfactory proof that there was no sexual intercourse.' And the same rule is supported by the authorities in this country. (Citing cases.) But the above rule does not allow either of the parents to testify to the fact of nonaccess *during cohabitation.* Nor is the rule inconsistent with the conclusive presumption that a child begotten and born while the husband and wife *are living together as such,* and the husband not impotent, is legitimate.''

There was no violation here of the rule so stated. Indeed, the only questions to which an objection might have been made were allowed to pass without challenge, as shown by the examination of the husband as to his sexual relations with his wife. The wife, it may be said, was not examined as a witness at all.

As to the criticism of the opening statement of the district attorney, it is to be observed that appellant wrests a sentence from its context, and, besides, the portion to which an exception was taken was withdrawn from the consideration of the jury, by the instruction of the trial judge.

Appellant claims that it was error for the court to overrule defendant's objections to the following questions asked of the witness Jensen: ''Q. How did you introduce your wife [to the lady of the house] ? Q. And what did the lady say, if anything, you introduced as Mrs. Woodson?'' It is claimed that ''what the witness said to the lady of the house, and what she replied to him, was entirely immaterial and hearsay evidence, and did not tend to prove that defendant was guilty of the offense charged, and the same was prejudicial to defendant.''

Appellant, however, overlooks the important circumstance that appellant was present, and the evidence was admissible, and no doubt was received for the purpose of showing defend-

ant's attitude and conduct when he heard his purported wife
introduced as Mrs. Woodson. The principle is a familiar
one, and is set forth in subdivision 3 of section 1870 of the
Code of Civil Procedure, and it may be said that the questions
were followed by others whereby it was disclosed that appel-
lant made no objection nor explanation when she was intro-
duced or spoken of in his presence as Mrs. Woodson.

The court did not err in refusing to strike out the fol-
lowing testimony of the witness McAllister: ''She claimed
Mr. Woodson was the father of the child.'' This was a part
of the conversation of the district attorney with the defendant
himself. It was necessary to make intelligible the statement
of the appellant in response thereto. In fact, it was an in-
separable part of the interview, and could no more be laid
out of view than any other portion.

The court was correct in sustaining an objection to the
question asked of the mother of the purported Mrs. Woodson
as to the reason for the latter leaving home. It manifestly
called for an opinion. Besides, the woman was not on trial
and her motive or intent in leaving home was not at issue.
The purpose of the question was to show that she had been
mistreated by her husband and for that reason she left him.
Even so, it would throw no light upon the consideration as to
her subsequently sustaining meretricious relations with appel-
lant.

Appellant complains because the court overruled his objec-
tion to a question asked of Senator Stuckenbruck why it was
necessary for him to answer a question as to the general repu-
tation of appellant by explaining that he ''had known the
man for three or four years, had seen him often; then in the
last two or three years had not seen him.'' The witness, like
most lawyers when called upon to testify, indulged in some
circumlocution, and appeared somewhat reluctant to answer
categorically and emphatically. The interrogatory of the dis-
trict attorney under the circumstances was quite natural.
But if it be conceded that he should not have asked the ques-
tion, it is perfectly plain that no harm was done, as the
witness gave a satisfactory explanation of his previous an-
swers and one entirely favorable to appellant.

The mother was asked this question: ''Did you, while you
were there visiting them at the Madison Street house, observe
any improper conduct on the part of either your daughter or

Mr. Woodson?'' She answered: "No, sir. Everything was perfect—he is a perfect gentleman; he is a Christian man.'' The district attorney moved to strike the answer out as not responsive, and the motion was granted by the court. It is clear that the second part of the answer was not responsive, and the error in striking out the first part was cured for the reason that the answer appears to subsequent similar questions asked of the witness.

The remark of the district attorney that he "was expecting just such trick as that to be attempted in this case,'' made while one of the counsel for appellant was addressing the jury, is too inconsequential to merit serious attention. Moreover, no motion was made that the remark be stricken out or that the jury be instructed to disregard the same. (*People v. Ye Foo,* 4 Cal. App. 730, 743, [89 Pac. 450].)

The information against appellant was filed on June 5, 1915, and it charged him with having lived in cohabitation and adultery "on or about the twenty-third day of April, 1915, and prior to the filing of this information.'' The court instructed the jury to find him guilty if he lived in such cohabitation and adultery as defined in the instructions, "any time from about the month of November, 1912, up to the twenty-seventh day of April, 1915.'' The objection to this instruction made by appellant is answered by *People v. Sheldon,* 68 Cal. 434, [9 Pac. 457], and other decisions. In the Sheldon case it is said: "It is unnecessary to charge in the indictment the precise date upon which an offense was committed, or to prove the offense to have been committed on the day charged, except where time is of the essence of the offense.'' (See, also, *People v. Squires,* 99 Cal. 327, [33 Pac. 1092].)

Appellant complains of the instruction, "If the jury believe to a moral certainty and beyond a reasonable doubt that the said B. F. Woodson did''—reciting the averments of the information—"then I charge you it will be your duty to bring in a verdict of guilty as charged,'' for the reason that it did not confine the jury to the evidence, but permitted them to derive the belief "from any source irrespective of the evidence.'' But it is fundamental that the instructions must be considered together to ascertain if the jury could have been misled. Keeping this in mind, it is impossible to conclude that the jury could have so understood the instruction. One

of said instructions was: "You have no right to go outside of the evidence admitted by the court, and you have no right to reject arbitrarily the evidence of any witness. You must fairly consider all of the evidence of the case." Furthermore, "In criminal cases guilt must be established beyond a reasonable doubt and to a moral certainty and the burden of proof is upon the people. The defendant in a criminal case is by law presumed to be innocent until the contrary is satisfactorily proven by competent evidence." They were further instructed that "if you are not satisfied that the prosecution has *proven* both cohabitation and adultery, as defined in these instructions, beyond a reasonable doubt and to a moral certainty, you should find the defendant not guilty."

We have noticed specifically all the objections of appellant, though it must be apparent that most, if not all, of them are quite trivial.

The defendant was fairly tried and justly convicted, and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 30, 1916.