[Civ. No. 17612. Second Dist., Div. One. May 12, 1950.]

NELTA MARIE MONROE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Robert G. Blanchard for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondent.

Irvin C. Evans and Paul J. Otto for John Edward Monroe, Real Party in Interest.

DORAN, J.—According to the petition, an action for divorce was filed on August 24, 1949, by the petitioner, Nelta Marie Monroe, against John Edward Monroe. In the amended complaint the husband was charged with adultery committed with 11 women; extreme cruelty was also alleged in that the husband "associated with women other than his wife." These women were not named as corespondents in the divorce action. Both charges were denied in the husband's answer.

Thereafter, the wife, petitioner herein, commenced the taking of a deposition of the husband as the adverse party, pursuant to sections 2031 and 2055 of the Code of Civil Procedure. During the course of the deposition John Edward Monroe testified that he was acquainted with the women named in the complaint, and thereafter, upon advice of counsel, refused to answer questions relating to the following matters: "Where certain of said women lived at the time of his meeting with

them," and where such women lived at present; "When was the last time he saw certain of them; and . . . What were the circumstances surrounding his meetings with certain of them." The husband further refused to answer an inquiry as to the last time he went out with anyone other than his wife.

Objections to the above questions were made on the grounds that the same were incompetent, irrelevant and immaterial and outside the issues of the complaint; that no foundation had been laid, and that questions were highly prejudicial to the defendant's interests. Upon the hearing of an order to show cause, the superior court sustained the objections and refused to require defendant to answer the inquiries.

The petition for writ of mandate avers that "By reason of the foregoing orders . . . petitioner has been prevented from obtaining . . . answers to questions which are legal and pertinent to the matter at issue . . . (and) By reason of respondent's action and its failure to perform its judicial duty . . . petitioner has been deprived of her lawful opportunity to complete the said deposition and will . . . be required to proceed to trial without the benefits of said deposition . . . and without any means of obtaining the information necessary to prepare her case."

Respondent's points and authorities present the proposition that the testimony in question "was inadmissible because the provisions of Section 1019 C. C. P. had not been complied with." That section provides that "When in an action for divorce adultery is charged . . . and the person with whom such adultery is alleged to have been committed . . . is named in any of the pleadings, a copy of such pleadings must be personally served on such named person."

In *Klemmer* v. *Klemmer*, 42 Cal.App. 618 [187 P. 85], the court held that where section 1019 had not been complied with it was not error to exclude a deposition offered to prove the adultery. The petitioner's argument that, because the Supreme Court in denying a hearing in the Klemmer case, "expressly withheld approval of this portion of the opinion, thereby plainly implying a serious doubt as to the soundness of the views expressed," is, of course, without merit.

The recent case of *McClatchy* v. *Superior Court*, 26 Cal.2d 386, 392, 394 [159 P.2d 944], has been cited by petitioner, where the reviewing court held that "Mandamus is the appropriate remedy to secure the enforcement of a litigant's statutory right to take depositions," and that "By refusing to compel a witness to answer proper questions, a trial court

may effectively deny a litigant the right to take deposition." However, as pointed out by respondent, the McClatchy case is in no manner similar to the present litigation. In the McClatchy case the holding was predicated on the fact that although a ruling on demurrer had eliminated the issues embraced by the deposition this did not prevent such issues from being classed as potential since they might be raised by an amended pleading; hence the witness should have been required to answer the inquiries. In the present case no such situation existed.

It is also argued by respondent that the questions asked the husband "were objectionable in that the answers might tend to subject the defendant to prosecution for a public offense"; that this privilege applies whether the crime involved is a misdemeanor or a felony. Respondent further calls attention to the fact that "Mandamus will not lie to control the discretion of respondent court"; that in passing upon the admissibility of evidence and materiality of questions, discretion of the trial court is involved and should not be controlled by mandamus except where there is a gross abuse of discretion.

It is obvious that the writ of mandate, like other extraordinary writs, is not designed and should not be utilized to unduly control the ordinary activities of trial courts. In matters involving discretion it will not lie to control such discretion "except in those rare instances where under the facts it cannot be exercised in but one way," as was declared in *Hilmer* v. *Superior Court,* 220 Cal. 71, 73 [29 P.2d 175], quoted in *Lincoln* v. *Superior Court,* 22 Cal.2d 304, 313 [139 P.2d 13]. The present case is one not falling within that category.

The record indicates that without complying with Section 1019 of the Code of Civil Procedure, requiring service of pleadings upon the husband's associates in the alleged adulteries, and without making these women parties to the action, the wife's counsel, by way of what is sometimes termed "a fishing expedition," attempted to compel the husband to answer questions concerning the whereabouts of the women. This, upon order to show cause, the trial court refused to sanction. Under the circumstances disclosed by the record and cases governing the use of the writ here employed it cannot be said that petitioner is entitled to the writ.

The petition for a writ of mandate is denied.

White, P. J., and Drapeau, J., concurred.