[Civ. No. 14409.   First Dist., Div. Two.   Apr. 2, 1951.]

ELLEN NIERI, Plaintiff and Appellant, v. SILVIO NIERI, Defendant and Appellant.

Belli, Ashe & Pinney and Melvin M. Belli for Plaintiff and Appellant.

J. W. Coleberd, R. A. Rapsey and Richard P. Lyons for Defendant and Appellant.

NOURSE, P. J.—Plaintiff sued for separate maintenance, later amending her complaint and praying for a divorce. Defendant answered and cross-complained praying for a divorce. Both parties charged cruelty and plaintiff separately charged adultery. Judgment was entered in favor of plaintiff on the ground of cruelty. A finding was made that the charge of adultery was not proved. On the issue of cruelty the court found that it consisted of frequent slappings and beatings. In the adjustment of the community property the court awarded the plaintiff $25,000 in cash, a Packard automobile and all the household furniture. To the defendant was awarded $25,000 in cash and real property valued at $8,000. Both parties appealed, the plaintiff attacking the finding against the charge of adultery and the award of property interests, the defendant attacking the finding of cruelty as not corroborated, the finding that the plaintiff herself was not guilty of cruelty, and the finding as to the value and proper division of the community property. Because of the cross-appeals we will refer to the parties as plaintiff and defendant as they originally appeared in the trial court.

We have reached the conclusion that the judgment should be affirmed on both appeals and will not give a detailed state-, ment of facts as it would serve no good purpose to do so.

The real serious contention by the appellant-defendant is that there was no corroboration for the court's finding of cruelty. Finding No. 11 reads: "That, on numerous occasions, defendant Silvio Nieri violently struck, beat, grabbed, and shook plaintiff and called plaintiff vile, profane and abusive names." There was ample evidence given by plaintiff herself to support this finding of fact, and defendant does not contend to the contrary. However, we are satisfied that there was sufficient evidence of other acts of cruelty, which evidence was fully corroborated by numerous witnesses and which would fully support a finding of cruelty sufficient to support a divorce on that ground.

These facts are undisputed: Plaintiff and defendant maintained two homes or apartments. One of these apartments consisted of two bedrooms and bath on the second floor of the mortuary which the parties were operating in San Bruno. On the night of February 20, 1948, defendant and corespondent mentioned in the adultery count entered these apartments at about 10:30 p. m. At about that time the plaintiff accompanied by two investigators and a photographer drove up and parked opposite the mortuary. These witnesses testified that they at that time witnessed defendant and corespondent in the front bedroom practically naked and that they waited until approximately three hours later when they rang the doorbell and were admitted to the apartment. They then saw the corespondent in Mrs. Nieri's bed and the "battle" followed. Both the defendant and the corespondent admitted these facts, though strenuously denying all acts of adultery which is not the issue at this point.

Bearing in mind that the undisputed evidence also showed that Mrs. Nieri disliked the corespondent almost to the point of hatred and that she became fighting mad when she observed this woman occupying her own bed, it cannot be gainsaid that her reaction did not cause some mental suffering amounting to cruelty.

We have said that this evidence is undisputed. Four witnesses called by the plaintiff testified to these facts. The denials of defendant and the corespondent corroborated these witnesses in all material details. The answer of the defendant is that the woman was a cousin, a grandmother with an 8-year-old grandchild, and that she herself was 54 years

of age. Assuming these facts to be true we cannot draw any untoward assumptions either from the relationship of the parties or from the age of the corespondent.

This evidence is sufficient to support a finding that the acts of the defendant on that occasion caused the plaintiff mental suffering justifying a divorce on that ground. (*Van Camp* v. *Van Camp*, 53 Cal.App. 17, 22 [199 P. 885].) Conformably to the provisions of 956a, Code of Civil Procedure, we therefore append to finding No. 12 the following: "That on the night of February 20, 1948, the defendant entertained the corespondent named in the pleading at his apartment at San Bruno from the hour of 10:30 P. M. until the following morning, during a part of which time the corespondent occupied the bed of this plaintiff and the defendant slept in the same bedroom, and that the parties were thus seen by the plaintiff and three others, all of which greatly disturbed this plaintiff and caused her great mental suffering and mental cruelty."

The defendant also complains of the finding against his charge of cruelty on the part of plaintiff. The evidence on this issue disclosed a sordid picture of excessive drinking at home and at public bars, with frequent quarrels and inter-marital warfare carried on with whatever weapons were available at the moment, such conduct having been apparently the mutual choice and to the satisfaction of both parties. If that was the mode of living the parties chose, the trial court could not have found plaintiff alone guilty of cruelty and absolved the defendant from all blame, but might well have concluded that neither party suffered actionable cruelty from those instances.

The issue of the division of the community property is not a fair issue for decision. The question as to what part of defendant's business should be treated as separate property and what part community was decided on evidence covering a wide range relating to the value of defendant's partnership interest in the business at the time of his marriage, the value of his services in building it up, the value of the plaintiff's services, and the value of the good will and assets at the time of the trial. The evidence of the value of the automobile and household furniture was far from satisfactory. The trial court patiently heard all the evidence and made what it deemed a proper division. We cannot conceive how either party would gain by a retrial of these issues. Suffice it to say that neither party has shown by undisputed evidence that the court's esti-

mates of value were wrong nor that the plaintiff did or did not receive a substantially greater share than that awarded her husband.

In a case such as this where the plaintiff might well been found guilty of cruelty, and denied a divorce on that ground, it was no breach of discretion, on this record, to deny her request for alimony.

Finally the plaintiff argues that it was error to deny her counsel fees and costs. We find no motion made for that purpose and no order denying it. But if the record is incomplete in this respect it is sufficient to say that the trial court was justified in denying costs and counsel fees to plaintiff after having directed defendant to pay her $25,000 in cash which appears to have been far in excess of the available cash on hand.

The judgment is affirmed. Each party to bear his own costs—the cost of the clerk's and reporter's transcripts to be equally divided.

Dooling, J., and Schottky, J. pro tem., concurred.

A petition for a rehearing was denied May 2, 1951, and defendant and appellant's petition for a hearing by the Supreme Court was denied May 28, 1951. Schauer, J., voted for a hearing.