[Civ. No. 22480.   Second Dist., Div. Two.   Aug. 8, 1957.]

BETTY JO SAN CHEZ, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; BELMONT J. SAN CHEZ, Real Party in Interest.

McLaughlin & Casey and James A. McLaughlin for Petitioner.

No appearance for Respondent.

Guy E. Ward and Roger Bentley for Real Party in Interest.

RICHARDS, J. pro tem.*—Petitioner seeks a writ of mandate to order the respondent court to vacate an order sustaining objections to certain questions in a deposition, and to direct that they be answered.

Petitioner is the plaintiff in a separate maintenance action against the defendant, the real party in interest herein, which action is grounded on a general allegation of the infliction of ''grievous mental and physical suffering.'' No specific acts of cruelty are alleged nor does the complaint charge the defendant with adultery. Upon the taking of the defendant's

*Assigned by Chairman of Judicial Council.

deposition he refused to answer certain questions touching upon his adulterous conduct with a named person and with other unnamed persons. The matter was certified to the respondent court and the defendant's objections were sustained. The respondent court made no return to the alternative writ, and although the real party in interest filed an opposition to the granting of the alternative writ, he did not appear at the hearing thereon.

▉ Evidence of acts of adultery or adulterous conduct falling short of actual adultery is admissible to show an adulterous disposition in support of a general charge of cruelty. (16 Cal.Jur.2d p. 323; *Van Camp* v. *Van Camp*, 53 Cal.App. 17, 22 [199 P. 885]; *Taylor* v. *Taylor*, 82 Cal. App.2d 657, 659 [186 P.2d 1015]; *Tompkins* v. *Tompkins*, 83 Cal.App.2d 71, 76 [187 P.2d 840]; *Nieri* v. *Nieri*, 103 Cal.App.2d 208, 211 [229 P.2d 126].)

The principal question involved is whether the provisions of Code of Civil Procedure, section 1019, apply to actions for separate maintenance. That section provides: ''When in an action for divorce adultery is charged . . . and the person with whom such adultery is alleged to have been committed . . . is named in any of the pleadings, a copy of such pleading must be personally served on such named person . . .''

In several cases in which adultery was charged in divorce actions antedating the enactment of Code of Civil Procedure, section 1019, there is no intimation that the corespondent was entitled to any notice of the proceeding so as to have the right to appear and be heard in the action. (*Brenot* v. *Brenot*, 102 Cal. 294 [36 P. 672]; *Evans* v. *Evans*, 41 Cal. 103; *Van Horn* v. *Van Horn*, 5 Cal.App. 719 [91 P. 260].)

▉ It appears to be commonly accepted that, in the absence of statute, the corespondent in a suit for divorce on the ground of adultery is neither a necessary nor proper party (17 Am.Jur. p. 483; 7 Enc. Pl. & Pr. 59) and that, in the absence of statute, the corespondent has no right to intervene in order to protect his or her reputation. (*Leland* v. *Leland*, 319 Ill. 426 [150 N.E. 270]; *Howell* v. *Herriff*, 87 Kan. 389 [124 P. 168, Ann.Cas. 1913E 429]; *Lickle* v. *Boone*, 187 Md. 579 [51 A.2d 162, 170 A.L.R. 156].) Hence we conclude that notice to a corespondent in an action in which adultery is charged is wholly a statutory requirement.

▉ An ''action of divorce'' has for its objective the dissolution of the marriage; whereas the objective of an action for separate maintenance is to secure provision for permanent

support and maintenance without dissolving the marriage. ■ An action for separate maintenance based on the ground of cruelty is not "an action for divorce on account of adultery." (See *Jonitz* v. *Jonitz,* 25 N.J.Super. 544 [96 A.2d 782, 786].) ■ Code of Civil Procedure, section 1019, in terms limits the duty of serving a copy of the pleadings on a person named as a corespondent to an action for divorce. An extension of the purpose of the section to actions for separate maintenance must result from legislative action and not judicial interpretation. We have not overlooked *Monroe* v. *Superior Court,* 97 Cal.App.2d 470 [218 P.2d 136], nor *Klemmer* v. *Klemmer,* 42 Cal.App. 618 [187 P. 85], each of which was an action for divorce and not for separate maintenance.

■ Contrary to a contention of the real party in interest, there does not appear to be a problem of self-incrimination involved, as adultery *per se* is not a public offense. There must be a living "together in a state of cohabitation and adultery" (Pen. Code, §§ 269a and 269b.) Adultery alone or occasional acts of illicit intercourse do not constitute adulterous cohabitation. (*People* v. *Woodson,* 29 Cal.App. 531 [156 P. 378]; *People* v. *King,* 26 Cal.App. 94 [146 P. 51]; *People* v. *Breeding,* 19 Cal.App. 359 [126 P. 179].)

■ Also contrary to a contention of the real party in interest, his refusal to answer the questions propounded cannot be sustained on the theory of privilege from self-degradation. Code of Civil Procedure, section 2065, provides: "A witness must answer questions legal and pertinent to the matter in issue, . . . but he need not . . . give an answer which will have a direct tendency to degrade his character, unless it be to the very fact in issue, or to a fact from which the fact in issue would be presumed." Whether the defendant's conduct amounted to cruelty is a fact in issue, and evidence of his adulterous conduct would go directly to proof of such fact (*Clark* v. *Reese,* 35 Cal. 89).

We conclude that the witness should be ordered to answer the questions set forth in the footnote.* The other five ques-

---

*Footnote: "Q. Since you have been married to Mrs. San Chez, have you ever had sexual relations with B—— S——? [Abbreviation ours.]
"Q. After you were married to Mrs. San Chez, did you ever occupy a room in any motel or hotel or other public inn with B—— S——?
"Q. Have you ever had any sexual relations with any women at 115 North Rossmore, or any woman, since you have been married to Mrs. San Chez, other than Mrs. San Chez, your wife?"

tions, taken out of context, are unlimited as to time and call for answers touching upon the witness' conduct before as well as during marriage; however, upon the resumption of the deposition the witness should be required to answer questions, properly limited as to time, covering the same subject matter.

Let the writ issue accordingly.

Fox, Acting P. J., and Ashburn, J., concurred.