[Crim. No. 1872. Fourth Dist. Dec. 13, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. LORENS H. GOOD, Defendant and Appellant.

Whelan & Miller, J. Robert O'Connor and Ray Miller for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and H. Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—The defendant was charged with the offense of contributing to the delinquency of a minor in seven counts, i.e., violations of section 272 of the Penal Code; in the municipal court, pleaded guilty to the offenses set forth in three of these counts; by that court was certified to the superior court for hearing and examination to determine whether he was a sexual psychopath within the meaning of chapter 4, part 1, division 6, of the Welfare and Institutions Code; and was the subject of a hearing before the latter court resulting in the judgment and order from which he takes this appeal. After the hearing in question, the trial judge signed and caused to be filed a document entitled "Findings of Fact and Conclusions of Law" in which, in paragraph VI thereof, he finds that two qualified psychiatrists examined the defendant and found him "to be a sexual psychopath as defined in section 5500 of the Welfare and Institutions Code"; also finds, in paragraph VII thereof, that the defendant "is a person who is affected in a form predisposing him to the commission of sexual offenses, and in a degree constituting him a menace to the health or safety of others, with a psychopathic personality"; and declares that, from the foregoing facts, the "Court makes the following conclusions of law and order and judgment:

"I

"That the Defendant Lorens H. Good is a sexual psychopath within the meaning of chapter 4 (sections 5500 to 5516 inclusive) of the Welfare and Institutions Code.

"II

"That the defendant Lorens H. Good should therefore be placed temporarily with the Department of Mental Hygiene in the Atascadero State Hospital at Atascadero, California, ... for observation and diagnosis, for a period not to exceed ninety (90) days; that the superintendent shall make a verified report to the Court, which report shall contain the diagnosis and recommendations concerning such person and shall be made within a ninety (90) day period; and the Sheriff of San Diego County shall deliver said person to said place."

Thereupon, the defendant was delivered to the Atascadero State Hospital; was the subject of a report by the Superintendent of that hospital declaring that in the latter's opinion the defendant was not a sexual psychopath; was returned to the superior court; and his cause was remanded to the muni-

cipal court where he was sentenced upon the three counts of the charge to which theretofore he had pleaded guilty.

In the meantime the instant appeal had been filed, which seeks a reversal of the "judgment" upon the ground that the court had no jurisdiction to make such.

It is obvious from the statute governing the instant proceeding that, at the hearing in question, the trial court had no authority to adjudge the defendant a sexual psychopath. The controlling provisions of that statute, i.e., Welfare and Institutions Code section 5512, as amended in 1961, declare: "If, after examination and hearing, it appears *there is sufficient cause to believe* that the person is a sexual psychopath within the meaning of this chapter, the judge may make and sign an order that the person be placed temporarily in a suitable psychiatric facility maintained by a county or in a state hospital of the Department of Mental Hygiene designated by the court for observation and diagnosis for a period not to exceed 90 days, with the further provision in said order that the superintendent of the hospital ... shall report to the court the diagnosis and recommendations concerning such person within the 90-day period....

"If the superintendent of the hospital ... reports to the court that the person is not a sexual psychopath, the person shall be returned to the court for further disposition of his case....

"If the superintendent of the hospital ... reports to the court that the person is a sexual psychopath and that the person could benefit by treatment in a state hospital, the court shall make an order committing the person to the department for placement in a state hospital for an indeterminate period ... and such person may within 10 days demand a hearing in court as to the question of sexual psychopathy and upon such demand said court shall ... fix a time and place for a hearing. ..." (Italics ours.)

By the foregoing provisions the authority of the court in the instant proceeding is limited to a determination whether "*there is sufficient cause to believe* that the person is a sexual psychopath." (Italics ours.) Under the present status of the law, not until the superintendent of the hospital has filed with the court a report that the person is a sexual psychopath is it authorized to enter a judgment declaring such to be the fact. Prior to its 1961 amendment the statute provided that: "If, after examination and hearing, the judge finds that the person *is* a sexual psychopath within the mean-

ing of this chapter," he may make an order placing the person temporarily in a state facility for observation and diagnosis. (Italics ours.) The 1961 amendment undoubtedly intended to require only that the evidence be such as to establish sufficient cause to believe that the person in question was a sexual psychopath as a condition to his temporary placement in a hospital for observation and diagnosis. However, the amendment also deprived the court of authority, at the initial hearing, to find, as theretofore directed, that the person in question is a sexual psychopath. ■ Under this state of the law, the determination of the trial court in the instant proceeding that the defendant was a sexual psychopath was without its jurisdiction.

■ "If a court grants relief, which under no circumstance it has any authority to grant, its judgment is *to that extent* void." (*Hunter* v. *Superior Court*, 36 Cal.App.2d 100, 116 [97 P.2d 492]; cf. *Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715]; *Vasquez* v. *Vasquez*, 109 Cal.App.2d 280, 283 [240 P.2d 319].)

■ The ultimate question for determination herein is whether the order and judgment at hand should be reversed with instructions to the trial court to conform its findings, conclusions of law and order to the views expressed in this opinion, or whether this court should modify the same and affirm the order as modified.

That part of the order and judgment directing the defendant to be placed at Atascadero State Hospital for observation and diagnosis was within the jurisdiction of the court and is not subject to reversal for lack of jurisdiction. However, the order and judgment are dependent upon the findings. Conceding for the purpose of this decision that the court had no authority to make the finding that the defendant was a person "affected in a form predisposing him to the commission of sexual offenses, and in a degree constituting him a menace to the health and safety of others, with a psychopathic personality," which, in substance, was a finding that he was a sexual psychopath (Welf. & Inst. Code, § 5500); and also conceding for the purpose of this decision that, if the court was without jurisdiction to make a finding with respect to the sexual psychopathy status of the defendant in the form heretofore noted, no finding with respect to this issue exists; nevertheless, it is apparent that the finding which declares the defendant to be a sexual psychopath includes within its

scope a declaration that there is sufficient cause to believe that he is a sexual psychopath. To reverse the order and judgment appealed from and require the trial judge to conform his findings in this matter to the views expressed herein involves a useless procedure as such conformation can be achieved by this court without a reversal.

Under circumstances such as are present in this case, an appellate court is authorized to modify the findings of fact, conclusions of law, order, and judgment to the end that the matter may be disposed of without further proceedings in the trial court. (Code Civ. Proc., § 956a; *Johndrow* v. *Thomas*, 31 Cal.2d 202, 207 [187 P.2d 681]; *Hucke* v. *Kader*, 109 Cal.App.2d 224, 231 [240 P.2d 434]; *Nieri* v. *Nieri*, 103 Cal. App.2d 208, 211 [229 P.2d 126].) We propose to exercise this authority herein.

That part of Finding VI which states: "... and found said Defendant to be a sexual psychopath as defined in section 5500 of the Welfare and Institutions Code" is stricken; Finding VII is modified so as to read as follows: "It is true that there is sufficient cause to believe that the Defendant Lorens H. Good is a person who is affected in a form predisposing him to the commission of sexual offenses, and in a degree constituting him a menace to the health or safety of others, with a psychopathic personality"; the first sentence under the title "Conclusions of Law" is amended by striking therefrom the words "and judgment," so that it will read: "From the foregoing facts the Court makes the following conclusions of law and order"; paragraph I under the title "Conclusions of Law" which adjudges the defendant to be a sexual psychopath, is stricken in its entirety; and paragraph II thereof, which orders the defendant placed temporarily at Atascadero State Hospital for observation and diagnosis, is amended by changing the paragraph number thereof to "I."

The "order and judgment" appealed from, as modified, which in fact is an order, is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.