Filed 8/12/21  P. v. Suarez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FERNANDO SUAREZ,<br><br>    Defendant and Appellant. | D078003<br><br><br>(Super. Ct. No. SCE388713) |

APPEAL from a judgment of the Superior Court of San Diego County, Robert Amador, Judge.  Affirmed as modified.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General for Plaintiff and Respondent.

## INTRODUCTION

Fernando Suarez appeals from a judgment of conviction following a guilty plea. Suarez asserts the trial court abused its discretion by finding he had the ability to pay a $10,000 restitution fine, and his trial counsel was ineffective for failing to object to the trial court's ruling. Suarez also asks us to direct the trial court to vacate a $154 criminal justice administration fee imposed under the recently repealed Government Code section 29550.1. We conclude the trial court did not abuse its discretion by imposing the restitution fee and Suarez has not met his burden to establish trial counsel was ineffective. We further conclude any unpaid portion of the criminal justice administration fee is unenforceable and uncollectable as of July 1, 2021. Accordingly, we vacate that portion of the judgment and affirm the judgment as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Suarez shot at a couple walking on the street, four to six times, from the backseat of a car, and also shot at a man walking his dog later that same morning. In a negotiated plea agreement, Suarez pled guilty to three counts of assault with a firearm (Pen. Code,[1] § 245, subd. (a)(2)), admitted an allegation that he used a firearm as to each count (§ 12022.5, subd. (a)), and admitted a strike prior (§§ 667, subds. (b)–(i), 668, & 1170.12). He agreed to a stipulated prison sentence of 26 years and 8 months.

The trial court imposed the stipulated sentence at a hearing on August 14, 2020. The court also imposed a restitution fine of $10,000 (§ 1202.4, subd. (b)(1)), a stayed parole revocation restitution fine of $10,000 (§ 1202.45), and

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

several other fees, including a $154 criminal justice administration fee (Gov. Code, § 29550.1). Suarez's trial counsel requested to be heard on the restitution fine and asked if the court would be "inclined to either stay or lower it[.]" Defense counsel asserted that Suarez was "going to be incarcerated for a very long period of time," his father was on disability, and his family did not have the ability to pay the fine on his behalf. Counsel therefore asked the court "to stay or to delete" the fine pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The trial court responded: "It's a statutory fine and it's not his parent's ability to pay. It's his responsibility. He's in for a long time and it's prison earnings. That's the court order."

DISCUSSION

I.

*The Trial Court Did Not Abuse its Discretion*

*in Imposing the Restitution Fine*

Suarez asserts the trial court abused its discretion in determining he had the ability to pay the restitution fine because it did not consider any ability to pay factors other than his ability to earn prison wages. He argues prison wages are neither guaranteed nor sufficient to pay the $10,000 fine the court imposed. Suarez requests that we order the trial court to stay the restitution fine under *Dueñas* or, alternatively, remand the matter with directions that the trial court "re-determine the amount of the restitution fine in light of [his] ability to pay." We decline to do so because we find no abuse of discretion.

Section 1202.4 authorizes the trial court to impose a restitution fine of any amount between $300 and $10,000 in felony cases, and allows the court to consider a defendant's ability to pay only when considering whether to

3

impose a fine greater than the statutory minimum. (§ 1202.4, subd. (b)(1).) The court generally has discretion to determine the exact amount to impose. (*People v. Lewis* (2009) 46 Cal.4th 1255, 1321 (*Lewis*).)

The Court of Appeal in *Dueñas*, however, held that due process requires the trial court to hold an ability to pay hearing before imposing fines, fees, or assessments and that the burden to prove ability to pay is on the prosecution. (*Dueñas*, *supra*, 30 Cal.App.5th at pp. 1164, 1172.) The court further held that execution of any restitution fine imposed under section 1202.4, subdivision (b), must be stayed "until and unless" the trial court holds an ability to pay hearing and the People demonstrate that the defendant has the ability to pay the restitution fine. (*Ibid*.) But "[o]ther courts, including this court, have disagreed with *Dueñas* on these key principles." (*People v. Keene* (2019) 43 Cal.App.5th 861, 863; see, e.g., *People v. Cota* (2020) 45 Cal.App.5th 786, 795; *People v. Allen* (2019) 41 Cal.App.5th 312, 326 ["[W]e would adopt the reasoning of the numerous courts that have rejected *Dueñas*'s due process analysis."]; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946; *People v. Kopp* (2019) 38 Cal.App.5th 47 (*Kopp*), review granted Nov. 13, 2019, S257844.) The California Supreme Court is currently considering the viability of *Dueñas* as it pertains to whether a trial court must consider a criminal defendant's ability to pay assessed fines and fees, and if so, which party bears the burden of proof. (*Kopp*, *supra*, 38 Cal.App.5th 47, review granted Nov. 13, 2019, S257844.)

We need not delve into the broader issues of *Dueñas*, though, to address the issue before us in this case. It was clear, even before *Dueñas*, that challenges to the imposition of a maximum restitution fine based on the inability to pay were expressly permitted by the statute. (§ 1202.4, subd. (d);

*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1033; *Lewis, supra,* 46 Cal.4th at p. 1321.) Section 1202.4, subdivision (d) provides, in relevant part: "In setting the amount of the fine pursuant to subdivision (b) *in excess of the minimum fine* pursuant to paragraph (1) of subdivision (b), the court shall consider any relevant factors, including, but not limited to, the defendant's inability to pay[.]" The statute also makes clear that "[a] defendant shall bear the burden of demonstrating his or her inability to pay." (§ 1202.4, subd. (d).) In cases since *Dueñas*, courts have clarified "it is [the defendant's] burden to make a record below as to their ability to pay these [fines, fees, and] assessments." (*Kopp, supra*, 38 Cal.App.5th at p. 96; *People v. Santos* (2019) 38 Cal.App.5th 923, 934 (*Santos*) ["it is the defendant's burden to demonstrate an inability to pay, not the prosecution's burden to show the defendant *can* pay, as the *Dueñas* decision might be read to suggest]; *People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154 ["Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed."].)

Further, although the trial court determines whether the defendant has the " '*present* ability to pay,' " the court may consider any relevant factors, including defendant's "housing status, mental illness or disability, receipt of government benefits, and realistic ability to earn prison wages or obtain employment." (*Santos, supra* 38 Cal.App.5th at p. 934.) Where the trial court determines a defendant does have the ability to pay a restitution fine, we review the determination for an abuse of discretion. (*Lewis, supra,* 46 Cal.4th at p. 1321; *People v. Potts* (2019) 6 Cal.5th 1012, 1057.)

As an initial matter, it was Suarez's burden to raise any factors relevant to his ability to pay, and the only factor he raised beyond his own incarceration was his family's inability to pay on his behalf. (§ 1202.4, subd.

(d); *Kopp, supra,* 38 Cal.App.5th at p. 96.)  As the trial court noted, the relevant question is whether Suarez, and not his family, had the ability to pay the fine.  Because Suarez did not raise any issues regarding his own ability to work or earn wages in prison, the trial court correctly concluded he could earn wages in prison and did have the ability to pay the fine.  (See *Kopp*, *supra*, 38 Cal.App.5th at p. 96; *Santos, supra,* 38 Cal.App.5th at p. 934 [discussing the relevant factors to be considered, including prison wages].)

Suarez contends the trial court could not reasonably conclude he had a " 'realistic ability to earn prison wages' " sufficient to pay the restitution fine because paid prison work is not guaranteed and the jobs that are available typically pay very low wages.  (See *Santos, supra,* 38 Cal.App.5th at p. 934 [listing "realistic ability to earn prison wages" among factors for court to consider].)  Not so.  It is well settled that the trial court can consider the ability to earn prison wages, even if those wages are low, as well as the ability to earn additional wages after incarceration.  (See *People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837 (*Hennessey*) [court may consider defendant's ability to pay in the future, including "defendant's ability to obtain prison wages and to earn money after his release from custody"]; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505 [defendant did not show inability to pay $10,000 restitution fine simply because prison wages would make it difficult, it would take a long time, and the fine might never be paid]; *People v. Ramirez* (1995) 39 Cal.App.4th 1369, 1377 [a trial court may consider the defendant's future ability to pay, including his ability to earn wages while in prison].)  While there may be no *guarantee* Suarez will receive a wage-paying job in prison, Suarez has not raised any specific impediment to

6

his ability to do so and, instead, the record suggests he is young and able bodied.[2]

Moreover, even if Suarez is not able to pay the entire $10,000 while in prison, he can continue to pay any remaining amount after his release. (See *Hennessey, supra,* 37 Cal.App.4th at p. 1837.) Although the trial court did not specifically reference Suarez's ability to earn wages after his release, it remains a relevant factor that we may consider on appeal. (See *People v. Zapien* (1993) 4 Cal.4th 929, 976 [" ' "No rule of decision is better or more firmly established by authority, nor one resting upon a sounder basis of reason and propriety, than that a ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason." ' "]; *People v. Brooks* (2017) 3 Cal.5th 1, 39.) Suarez contends his future earnings are speculative but, as with prison wages, he has not raised any specific reason he will not be able to earn wages after his release.

Finally, Suarez points out that a defendant's future income is only relevant in determining whether they have the ability to pay attorney fees if it is " 'reasonably discernible' " the income will be collected in the near future, and argues a similar analysis should apply here. Section 987.8 defines ability to pay specifically in the context of attorney fees and indicates the determination is based on the defendant's present financial condition and "[t]he likelihood that the defendant shall be able to obtain employment *within a six-month period from the date of the hearing*." (§ 987.8, subds. (b), (g)(2).) There is no such provision in section 1202.4 and, to the contrary, courts have recognized a defendant may have the ability to pay a restitution

---

[2] Suarez was 20 years old at the time of sentencing. He is now 22 years old.

fine from prison wages even if they do not have the ability to pay attorney fees pursuant to section 987.8.  (See *People v. Rodriguez* (2019) 34 Cal.App.5th 641, 649, citing *People v. Douglas* (1995) 39 Cal.App.4th 1385, 1397.)

We therefore conclude the trial court did not abuse its discretion in determining Suarez had the ability to pay the $10,000 restitution fee.

II.

*Suarez's Counsel Did Not Provide Ineffective Assistance of Counsel*

Suarez next contends his trial attorney provided ineffective assistance of counsel by not objecting further to the trial court's ruling that he had the ability to pay the restitution fee based on his ability to earn prison wages.

To prove ineffective assistance of counsel, Suarez must show his attorney performed below the standard of reasonableness under prevailing professional norms and that there is a reasonable probability the result would have been more favorable to him but for that substandard performance.  (*Strickland v. Washington* (1984) 466 U.S. 668, 686–688 (*Strickland*); *People v. Mayfield* (1993) 5 Cal.4th 142, 199.)  "Ineffective assistance of counsel claims are rarely cognizable on appeal," as we give deference to trial counsel's tactical choices and the record rarely provides information regarding trial counsel's strategy.  (*People v. Silvey* (1997) 58 Cal.App.4th 1320, 1329; *Strickland supra,* at pp. 690–691; *People v. Wilson* (1992) 3 Cal.4th 926, 936.)  Where the record is silent as to counsel's motivation, the court must reject an ineffective assistance of counsel claim "unless counsel was asked for and failed to provide a satisfactory explanation, or there simply can be no satisfactory explanation."  (*People v. Scott* (1997) 15 Cal.4th 1188, 1212.)

Here, Suarez's counsel raised the inability to pay issue and the court considered it, but concluded Suarez did have the ability to pay the $10,000 restitution fine.  As we have already concluded, the trial court did not abuse its discretion by making that determination, and there is no reasonable probability that the result would have been more favorable to Suarez had his counsel pushed the issue further.  To the contrary, counsel likely understood from the court's statement, "[t]hat's the court order," that the court was not willing to entertain additional argument on the issue.  Moreover, it does not appear from the record, and Suarez does not contend on appeal, that there were any additional relevant facts or arguments regarding Suarez's ability to pay that trial counsel could have raised.

We give deference to trial counsel's decision not to argue the issue further, and conclude Suarez has not met his burden to prove ineffective assistance of trial counsel.

### III.

*The Criminal Justice Administration Fee is No Longer Enforceable*

Suarez asks us to direct the trial court to vacate the $154 criminal justice administration fee imposed pursuant to Government Code section 29550.1.

In 2020, the Legislature passed Assembly Bill No. 1869 (2019-2020 Reg. Sess.) (AB 1869) to "eliminate the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system."  (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) § 2, eff. Sept. 18, 2020, operative July 1, 2021.)  Among other provisions, AB 1869 added Government Code section 6111.  (*Id.* at § 11.)  Government Code section 6111 became effective on July 1, 2021.  It provides that "the unpaid balance of any court-imposed costs pursuant to Section 27712, subdivision (c) or (f) of Section

9

29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).)

In his opening brief on appeal, filed before July 1, Suarez asserted AB 1869 should be applied retroactively to vacate the criminal justice administration fee in this case. However, while the appeal was pending, Government Code section 6111 became effective. Pursuant to the plain language of the newly enacted statute, the unpaid balance of the criminal justice administration fee is unenforceable and uncollectible, and the portion of the judgment imposing such costs must be vacated. (Gov. Code, § 6111, subd. (a).) As we have found no error with respect to Suarez's other arguments and affirm the judgment otherwise, this case requires no further action by the trial court. Accordingly, we will exercise our authority to modify the judgment as mandated by the new law. (See *People v. Good* (1963) 223 Cal.App.2d 298, 302 ["[A]n appellate court is authorized to modify the findings of fact, conclusions of law, order, and judgment to the end that the matter may be disposed of without further proceedings in the trial court."].)

## DISPOSITION

Any portion of the $154 criminal justice administration fee imposed pursuant to Government Code section 29550.1 unpaid as of July 1, 2021 is vacated. The judgment as modified is affirmed.

DO, J.

WE CONCUR:


McCONNELL, P. J.


GUERRERO, J.

11