Filed 8/27/24  Clement v. Jaworski CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DENNIS A. CLEMENT,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL B. JAWORSKI,<br><br>Defendant and Appellant. | A168403<br><br>(Solano County Super. Ct. No. FCS055772) |

This case concerns a dispute between adjacent landowners over the scope of an access easement burdening property owned by Paul B. Jaworski and Elaine M. Jaworski.[1]  Paul alone appeals (in pro per) from a judgment entered partially in favor of his neighbors and easement holders, Dennis A. Clement and Erica L. Clement, following a court trial.  Paul contends the trial court erred by construing the easement for ingress and egress to include a right to transitory parking.  We disagree and affirm the judgment.

## BACKGROUND

### A.

An easement gives someone other than the property owner a restricted right to a specific use or activity on another's property.  (*Scruby v. Vintage Grapevine, Inc.* (1995) 37

---

[1] To avoid confusion, we refer to the individual parties by first name only.

1

Cal.App.4th 697, 702 (*Scruby*).) "The land to which an easement is attached is called the dominant tenement; the land upon which a burden or servitude is laid is called the servient tenement." (Civ. Code, § 803.)[2]

## B.

The Clements and the Jaworskis own adjacent 2.5 acre parcels of land and single-family homes, in rural Solano County. The only access to the Clements' landlocked property, which lies immediately to the east of (and downhill from) the Jaworskis', is provided by an easement across the Jaworskis' property, which was deeded by the parties' predecessors in 1978.

Specifically, the Clements' recorded deed provides that they are granted "[a] non-exclusive easement for ingress, egress and private utility purposes . . . above[,] over, under and across that certain proposed 50 feet Private Access Utilities Easement, as shown on Parcel B4A [the Jaworskis' property] per Parcel Map, Book 12, Page 87, filed on May 17, 1977, Solano County Records." The referenced parcel map describes the easement as being 50 feet wide and approximately 370 feet long, refers to the construction of a 12-foot wide road therein, and further states, "Said private road and utilities easements shall be for the purpose of ingress thereto and egress therefrom, and construction and maintenance of public utilities."

The easement is in the shape of an L—its long (roughly 302-foot) section travels diagonally across the middle of the servient tenement (the Jaworskis' property) and its short portion turns due east for the final 68 feet to the shared property line— where the Clements' driveway begins. The easement is partially paved with a "one-lane" road.

---

[2] Undesignated statutory references are to the Civil Code.

The initially amicable relationship between the Clements and the Jaworskis began to deteriorate in November 2019, when the Clements arranged (unbeknownst to the Jaworskis) for delivery of several truckloads of gravel—for purported repair of the access road. After being awoken by the sound of heavy trucks on the easement, the Jaworskis found a large pile of rocks and dirt at the southeast corner of the unpaved portion of the easement, that a couple of trees on their property (outside the easement) had been cut down, and that new plants had been planted in the same area. The rocks and dirt were used to build up both the northern and southern unpaved sides of the easement so that they became level with the paved road.

After this incident, the Jaworskis stored a blue truck, a white sedan, a child's play structure, and later a large trampoline at the southeastern end of the recorded easement—within its 50-foot boundaries but not on the paved road—between a propane tank and the Clements' driveway and property line. Dennis testified that the Jaworskis' storage of these items within the boundaries of the recorded easement, and near the Clements' driveway, interfered with and unreasonably obstructed their access rights because delivery vehicles could no longer use that area to turn around—which led to several becoming stuck elsewhere—and because their guests could no longer park there.

In November 2020, the Jaworskis also erected an orange-colored fence along the northern boundary of the recorded easement. Paul testified that he did this to prevent vehicles from leaving the easement and entering their private property to turn around.

## C.

In December 2020, the Clements filed an action for declaratory and injunctive relief against the Jaworskis, alleging (as relevant to this appeal) causes of action for interference with an express easement and nuisance. The Jaworskis answered and

3

filed a cross-complaint, which alleges quiet title, trespass, and property damage/vandalism causes of action. The Jaworskis contended that their placement of vehicles and other items within the easement did not interfere with any of the Clements' rights. The Jaworskis' cross-complaint also sought a declaration that the Clements' access rights are limited to the 12-foot-wide paved portion of the easement.[3]

The case proceeded to a bench trial, at which the court heard evidence consistent with the above background and made a visit to the properties. In a detailed statement of decision, the court found in favor of the Clements on their causes of action for interference with an express easement and for nuisance. With respect to the Jaworskis' cross-complaint, the trial court found in their favor on their trespass claim,[4] but against them on all remaining causes of action. The trial court entered judgment in the Clements' favor in part and in the Jaworskis' favor in part.

The court granted the following declaratory relief: "[T]he court finds that [the Clements] have use of the entire 50-foot width of the recorded easement for access and utility purposes, *and that this right includes secondary rights for transitory parking and turning around* by them and their invitees or licensees within the portion of the easement east of the [Jaworskis'] propane tank. The paved portion of the recorded easement neither narrows nor constrains [the Clements'] access rights. [The Jaworskis] shall not unreasonably interfere with, impede or block [the Clements'] use of the recorded easement for those purposes, or such use by their invitees or licensees." (Italics added.)

---

[3] It is unclear whether the Jaworskis conceded this point before trial.

[4] Although it is not relevant to this appeal, the court also resolved causes of action seeking to quiet title to a purported prescriptive easement in the Jaworskis' favor.

DISCUSSION

**A.**

Paul does not challenge the trial court's finding that his storage of large items in the southeast unpaved portion of the easement constituted unreasonable interference with the Clements' access rights. Instead, he maintains that the trial court erred, as a matter of law, in construing the easement broadly enough to include a right to transitory parking. We reject Paul's claim of legal error. (See *Pear v. City and County of San Francisco* (2021) 67 Cal.App.5th 61, 71 (*Pear*) ["[w]e exercise our independent judgment to interpret the language of a deed, and we review for substantial evidence the trial court's resolution of any conflicting extrinsic evidence"].)

**1.**

"The extent of rights granted by conveyance of an easement is determined by the language of the grant where extrinsic evidence is not received." (*City of Los Angeles v. Ingersoll-Rand Co.* (1976) 57 Cal.App.3d 889, 894; see § 806; *Pasadena v. California--Michigan Land & Water Co.* (1941) 17 Cal.2d 576, 579 (*Pasadena*).) If the language of conveyance is clear and explicit, the court need not resort to use of parol evidence to show the nature and extent of the rights acquired. Resolution of such an issue is a question of law, which we review de novo in the absence of conflicting extrinsic evidence. (*Keeler v. Haky* (1958) 160 Cal.App.2d 471, 474.) However, "[w]hen there is any ambiguity or uncertainty about the scope of an easement grant, the surrounding circumstances, including the physical conditions and character of the servient tenement and the requirements of the grantee, play a significant role in the determination of the controlling intent." (*Scruby, supra*, 37 Cal.App.4th at p. 705.)

**2.**

The trial court did not err. The relevant question is whether a right to transitory parking is included within the express easement grant *or* is a necessary incident thereto. (See *Pasadena, supra*, 17 Cal.2d at p. 579.) " 'Every easement includes . . . the right to do such things as are necessary for the full enjoyment of the easement itself.' " (*Locklin v. City of Lafayette* (1994) 7 Cal.4th 327, 356, fn. 17.) "Incidental or secondary easement rights are limited by a rule of reason." (*Dolnikov v. Ekizian* (2013) 222 Cal.App.4th 419, 428). Such rights must be exercised in a reasonable manner so " 'as not to injuriously increase the burden on the servient tenement.' " (*Locklin,* at p. 356, fn. 17.)

True, the plain meaning of "ingress" and "egress" is "entrance" and "exit." (Merriam-Webster Dict. Online (2024) <https://www.merriam-webster.com/dictionary/ingress> & <https://www.merriam-webster.com/dictionary/egress> [as of August 27, 2024]; see also *Schmidt v. Bank of America, N.A.* (2014) 223 Cal.App.4th 1489, 1500-1501 [rights of ingress and egress mean the property owner has a right of access to their property via the easement].) And Paul is correct that the deeded easement says nothing about parking. But this is far from conclusive. (See *Pear, supra*, 67 Cal.App.5th at p. 77 ["[p]arking is allowed on the pipeline property only to the extent it is incident to the uses which are authorized . . . because parking is not among the expressly authorized uses"].) When an easement is based on an express grant, "only those interests expressed in the grant *and those necessarily incident thereto* pass from the owner of the fee." (*Pasadena, supra,* 17 Cal.2d at p. 579, italics added.)

An easement for a roadway grants a "right of unobstructed passage to the holder of the easement." (*Scruby, supra*, 37 Cal.App.4th at p. 703.) It also includes "as necessary incidents thereto the reasonable use of the easement by each party for such

6

transitory parking as will not interfere with the rights of the other." (*Heath v. Kettenhofen* (1965) 236 Cal.App.2d 197, 204.) Paul does not persuade us that there is any real difference between a roadway easement and the ingress/egress easement involved in this case. (See *Pear, supra,* 67 Cal.App.5th at p. 78 [some incidental and temporary parking is normally allowed as ancillary to authorized movement of vehicles in and out of a particular location]; *Keeler v. Haky, supra*, 160 Cal.App.2d at p. 476 [recognizing "occasional or temporary parking . . . normally accompanies the movement of vehicles in and out of . . . a location" but holding access easement did not give dominant tenement right to use as permanent parking lot]; *Hucke v. Kader* (1952) 109 Cal.App.2d 224, 225, 229 [ingress/egress easement].)

Here, there is nothing in the express language of the deed that supports Paul's attempt to read in any additional limitation (beyond reasonableness) on this secondary right. In fact, the deed expressly states that the easement is 50 feet wide. An average sized car could easily be parked on the side of the 12-foot wide roadway while leaving sufficient room for other cars to pass. The trial court's site visit appears to have confirmed as much.

After exercising our independent judgment, we conclude the trial court did not err in recognizing that reasonable transitory parking is "necessarily incident" to the Clements' enjoyment of their express rights to ingress and egress.

### B.

Paul also challenges the scope of injunctive relief—granted in the Clements' favor on their nuisance cause of action—as overbroad. The trial court ordered: "[The Jaworskis] shall forthwith remove the blue truck, the white sedan and the trampoline from the portion of the recorded easement that continues to the east of the propane tank on their property, and are hereafter and forever restrained from placing any vehicles, trampolines, play structures, or other items of personal property

within the entire fifty-foot width of that portion of the recorded easement."

Although his argument is not particularly clear, it appears that Paul believes the trial court's grant of injunctive relief deprives him of any meaningful use of the southeastern portion of the easement. In response, Dennis concedes that his own right to use the easement for "transitory, intermittent and occasional" parking is not exclusive and that the Jaworskis may still use this portion of their property so long as they are not *storing* personal property there. (See *Pasadena, supra,* 17 Cal.2d at p. 579 ["despite the granting of an easement, the owner of the servient tenement may make any use of the land *that does not interfere unreasonably with the easement*"], italics added; *Heath v. Kettenhofen, supra,* 236 Cal.App.2d at p. 204 ["[t]he rights of the parties in and to the easement, for roadway purposes, are coexisting and equal, and . . . these rights embrace as necessary incidents thereto the *reasonable use of the easement by each party for such transitory parking as will not interfere with the rights of the other*"], italics added.)

Given Dennis's concession, there does not appear to be much force in Paul's argument. In any event, we need not address it further as Paul forfeits it by failing to cite any legal authority in support. (See *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [" ' "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]" ' "].) It is not our role to develop an appellant's argument for them. (*Ibid*.)

## DISPOSITION

The judgment is affirmed. Respondent is entitled to his costs on appeal. (Cal. Rules of Court, Rule 8.278(a)(1), (2).)

8

                                                                                    BURNS, J.

WE CONCUR:


JACKSON, P.J.
CHOU, J.


*Clement v. Jaworski (A168403)*